UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| David Michael Babins, | Case No. 2:25-cv-02620-CDS-NJK |
| Plaintiff | **Order Discharging Show Cause Order, Denying as Moot Motion to Accept Complaint, and Sua Sponte Extending Time to File an Amended Complaint** |
| v. | |
| Douglas A. Collins, | |
| Defendant | [ECF Nos. 3, 4, 9] |

On January 14, 2026, I issued an order to show cause as to why this action should not be dismissed for improper venue pursuant to 28 U.S.C. § 1406(a). Order, ECF No. 9. Babins timely responded to the show-cause order. Resp., ECF No. 11. Therein, he explained that "[a]t the time of the events giving rise to this action, Plaintiff was employed at the VA Hospital in Las Vegas, Nevada. The conduct and events complained of in the Complaint occurred while Plaintiff was working at that facility and took place in Las Vegas, Nevada." *Id.* Based on this information, I find that venue is proper, so the order to show cause is hereby discharged.

However, Babins's complaint does not contain this information, nor does it contain the timeframe for the allegations that give rise to this action. *See* Am. compl., ECF No. 4. The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). Although Babins states the underlying allegations simply, concisely, and directly, he fails to cite when or where the events that give rise to those allegations occurred. Rule 8 is satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir.

1996). Without the "where or when" allegations, Babins's amended complaint fails to comply with Rule 8.

So I sua sponte dismiss the amended complaint without prejudice and extend the time to file an amended complaint to February 6, 2026. If Babins elects to file a second amended complaint, it must comply with the Federal Rules of Civil Procedure. Babins is informed that, as a general rule, an amended complaint supersedes the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Babins files an amended complaint, it must be complete in itself without any reference to any prior pleading, and it must be filed as the second amended complaint.

## Conclusion

IT IS HEREBY ORDERED that Babins's motion to accept complaint as timely filed [ECF No. 3] is DENIED as moot.

IT IS FURTHER ORDERED that the amended complaint [ECF No. 4] is dismissed **without prejudice and with leave to amend. If Babins elects to file an amended complaint, he must do so by February 6, 2026, and it must be titled as the second amended complaint.** Failure to amend by that date will result in dismissal without prejudice and without further notice.

IT IS FURTHER ORDERED that the order to show cause [ECF No. 9] is DISCHARGED.

Dated: January 22, 2026

_____
Cristina D. Silva
United States District Judge

2