UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

David Michael Babins,

               Plaintiff

v.

Douglas A. Collins,

               Defendant

Case No. 2:25-cv-02620-CDS-NJK

**Order Denying the Plaintiff's Motions for Default and Motion to Expedite Ruling, and Striking the Plaintiff's Improper Notices and Filings**

[ECF Nos. 36, 37, 38, 40, 46, 48, 49, 50, 52, 53, 57, 58, 60, 61, 63, 64, 66, 67, 68, 69, 70]

Plaintiff David Babins initiated this action on December 29, 2025, by filing a complaint asserting an employment discrimination claim. On January 5, 2026, Babins filed an amended complaint against defendant Douglas Collins. Am. compl., ECF No. 4. On February 5, 2026, Babins filed a second amended complaint (SAC). Second am. compl., ECF No. 13.[1] Babins then filed a motion for leave to file a third amended complaint. Mot. for leave, ECF Nos. 23, 24, 25. Babins's motion for leave was denied without prejudice. Order, ECF No. 27. On April 28, 2026, Babins filed a motion for entry of default against Collins. Mot., ECF No. 37.[2] This motion is fully briefed. *See* Resp., ECF No. 42; Reply, ECF No. 43. Having reviewed Babins's motion and the record, I deny his motions and strike his rogue filings.[3]

---

[1] On February 12, 2026, a summons was issued and subsequently returned executed. Summons, ECF No. 21; Return, ECF No. 32. Babins filed a "declaration of service" on February 23, 2026, indicating that the SAC was served by USPS certified mail. Decl., ECF No. 22.

[2] Babins filed an errata to his request for default. Errata, ECF No. 39. The court has reviewed and accepts his errata seeking to correct the typographical error in the filing date of his complaint.

[3] Also pending before the court is the plaintiff's motion to expedite ruling on its motion for default. ECF No. 57. Because the court rules on the motion for default, the plaintiff's motion is denied as moot.

I.      Discussion

   A. **Babins's notices (ECF Nos. 36, 38, 40, 46, 48, 49, 50, 52, 53, 58, 60, 61, 63, 64, 66, 68, 69, 70) are stricken as improper.**

As a threshold matter, I first address Babins's notices. The court has authority to strike an improper filing under its inherent power to control its docket. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). That is because "[e]very paper filed with the . . . [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources," and "part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Babins has filed several improper "Notices." *See* ECF Nos. 36, 38, 40, 46, 48–50, 52–53, 58, 60–61, 63–64, 66, 68–70.[4]

Notices are a type of filing that should be used rarely and only for administrative functions—such as notifying the court of an address change or informing the court that an attorney is appearing to represent a client. *See, e.g.*, Local Rule IA 3-1 (notifying court of a change of contact information); LR IA 1-4 (submitting a notice of an in-camera submission); LR IC 1-1(d) (notices of manual filings). Notices cannot, however, be used to make the court's docket a repository for allegations against defendants. *See Hinojos v. Weir*, 2025 WL 2337103, at *2 (D. Ariz. Aug. 12, 2025) ("The court's docket is not a repository for the parties' evidence."); *see also Dillon v. Corr. Corp. of Am.*, 2021 U.S. Dist. LEXIS 272388, at *3 (D. Nev. July 19, 2021) ("The Court's docket is not a repository for miscellaneous documents that a litigant believes may support his claims."). All court filings requesting relief or requesting that the court make a ruling or take an action of any kind must be filed in the form of a motion and filed in accordance with the Federal

---

[4] Several of Babins's notices are nearly identical or duplicative. Babins has previously been cautioned about filing successive duplicative filings. *See* ECF No. 27 at 1. In addition to filing notices, Babins filed a supplement to his motion for default. *See* ECF No. 47. Therein, Babins labels this supplement as a reply, but Babins filed a reply on May 12, 2026. *See* ECF No. 43. If Babins wants the court to consider any information contained in the supplements filed at ECF No. 47, the information contained therein must be provided in his motion, not filed as separate notices nor supplements.

Rules of Civil Procedure and the Local Rules. *See* Fed. R. Civ. P. 7; LR 7-2. Although other types of filings are permitted, including attaching exhibits to motions, the court is not a repository for the sort of notices filed by Babins. Accordingly, because they are improperly filed, Babins's notices are stricken.

Babins is reminded that he is required to be familiar with, and to follow, all rules of this court. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good-faith limitations imposed on lawyers, as officers of the court); *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). Babins is once again cautioned that failure to comply with the Federal Rules of Civil Procedure, the District of Nevada Local Rules of Practice, and the orders of this court, may result in future filings being denied or stricken. *Carter*, 784 F.2d at 1008–09 (explaining that a pro se litigant is "expected to abide by the rules of the court in which he litigates"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (reiterating that although courts "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure"). Any future filings must comply with both the Federal Rules of Civil Procedure and the Local Rules. Failure to comply will result in sanctions.

**B. Babins's motion for default (ECF No. 37) is denied.**

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Proof that a party has failed to plead or otherwise defend necessarily entails proof that he or she was properly served with process. *AAA v. Clark Cnty. Sch. Dist.*, 2021 U.S. Dist. LEXIS 73696, at *6 (D. Nev. Apr. 16, 2021). Rule 4 governs

service, requiring that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).[5]

On February 5, 2026, Babins filed a SAC, ECF No. 13, and thereafter filed a declaration of proof of service, ECF No. 22. Babins moved for default because Collins did not file an answer to the complaint. ECF No. 37. In support of his motion, Babins attached a declaration stating that that he filed his complaint in December of 2025, and that the defendant's answer was due by April 20, 2026. *Id.* at 5.[6] In response, Collins asserts that a response to the complaint was not reasonable while Babins's motion to further amend the complaint was pending. ECF No. 42. Collins further asserts that he remains confused as to the operative pleading to which he was required to respond, as Babins filed both a complaint and an amended complaint, and a motion for leave to file a third amended complaint was previously pending. *Id.* at 3. Collins further argues that entering default would be premature, and good cause exists to deny entry of default. *Id.* at 6. He requests the opportunity to respond to the proper complaint. *Id.* at 8.

Due to Babins's numerous filings, and to provide clarity and completeness of the record, the court denies Babins's motion for default without prejudice.[7] The court further orders that Collins file an answer to the operative complaint (ECF No. 13)[8] no later than July 1, 2026.

---

[5] Under the federal rules, a plaintiff may serve a defendant by "following state law for serving a summons," "delivering a copy of the summons and of the complaint to the individual personally," leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1)–(2.)

[6] I note that while Babins's motion does mention his original complaint filed in December 2025, it does not make any reference to his amended complaint nor his seconded amended complaint. ECF No. 37.

[7] Accordingly, Babins's motion to expedite (ECF No. 57) and motion for entry of clerk's default (ECF No. 67) are denied. Babins is cautioned that motions to expedite do not move the process along any faster, but rather further clog the court's already congested docket. Further, such motions could be construed as emergency motions, which are not only frowned upon, but must comply with Local Rule 7-4.

[8] Babins has filed a motion for leave to file another amended complaint. *See* ECF No. 62. That motion will be resolved in the normal course. Collins should nonetheless answer the operative complaint.

4

## II.      Conclusion

IT IS HEREBY ORDERED that the plaintiff's motion for default [ECF No. 37] is DENIED without prejudice.

IT IS FURTHER ORDERED that the plaintiff's notices [ECF Nos. 36, 38, 40, 46, 48, 49, 50, 52, 53, 60, 61, 63, 64, 66, 68, 69, 70] are STRICKEN as improper.

IT IS FURTHER ORDERED that the plaintiff's motion to expedite ruling [ECF No. 57] is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file a supplemental notice in support of default [ECF No. 67] is DENIED.

IT IS FURTHER ORDERED that the defendant must file an answer to the operative complaint (ECF No. 13) by July 1, 2026.

Dated: June 11, 2026

_____
Cristina D. Silva
United States District Judge