UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| David Michael Babins, Plaintiff v. Douglas A. Collins, Defendant | Case No. 2:25-cv-02620-CDS-NJK **Order Granting Plaintiff's Motion for Leave to File Third Amended Complaint, Denying as Moot Defendant's Motion to Dismiss the Second Amended Complaint, and Striking the Plaintiff's Improper Filing** [ECF Nos. 74, 86, 87] |

Plaintiff David Babins initiated this employment discrimination action against defendant Douglas A. Collins. Compl., ECF No. 1. Babins filed a second amended complaint (SAC) against Collins. Sec. am. compl., ECF No. 13. Babins moved for leave to file a third amended complaint, ECF No. 28. U.S. Magistrate Judge Nancy Koppe denied Babins's motion for leave to file a third amended complaint. May 2026 order, ECF No. 45. On June 11, 2026, the court entered an order clarifying that Babins's SAC (ECF No. 13) is the operative complaint. June 2026 order, ECF No. 71. Therein, the court also ordered Collins to file an answer to the operative complaint by July 1, 2026. *Id.* at 5. Collins timely complied, filing a motion to dismiss on July 1, 2026. Mot. to dismiss, ECF No. 74. This motion is fully briefed. Opp'n, ECF No. 79;[1] Reply, ECF No. 84. On July 15, 2026, Babins filed a motion for leave to file a third amended complaint (TAC). Mot. for leave, ECF No. 86.[2] For the reasons set forth herein, I grant Babins's motion to amend and deny as moot Collins's motion to dismiss the SAC.

[1] Babins filed a second opposition to Collins's motion to dismiss on July 15, 2026. Sec. opp'n, ECF No. 87. Because Babins improperly filed two oppositions, his second is stricken from the record. *See* Fed. R. Civ. P. 12(f) (giving courts discretion to strike from a pleading matter that is redundant, immaterial, impertinent, or scandalous).

[2] Responses to the motion for leave are not due until July 29, 2026, however, I do not require a response from the defendant to render a decision on Babins's motion for leave.

## I. Discussion

Rule 15 of the Federal Rules of Civil Procedure generally governs the amendment and supplementation of pleadings. Concerning motions to amend before trial that are not a matter of course, Rule 15 permits amendment "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If the opposing party does not consent to an amendment, "[t]he court should freely give leave when justice so requires." *Id.* This standard favors amendment and courts are directed to apply it "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).

"Several factors govern the propriety of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (citation omitted). In weighing these factors, the court should give the most weight to the factor considering prejudice—i.e., factor three. *See Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Further, the district court may also consider whether the party seeking an amendment under Rule 15 is a pro se litigant. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (explaining the "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant" (citations omitted)).

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). A "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

Here, Rule 15 and the *Gabrielson* factors weigh in the favor of granting Babins's motion to amend. At this stage of the litigation, granting Babins leave to amend would not cause undue delay as there is a pending motion to stay discovery motion filed by Collins. ECF No. 75. Moreover, there has been no scheduling and discovery order entered, ECF Nos. 73, 77, so Rule

15(a)'s liberality standard applies.[3] Second, the factor of prejudice to the opponent is at worst neutral here, but it militates towards favoring amendment. I recognize that Collins seeks to dismiss the operative complaint, and permitting amendment would require yet another motion, but this prejudice is outweighed by Rule 15(a)'s interests of justice standard. Thus, the risk of prejudice to Collins is a neutral factor here. The fourth factor is also neutral. Babins's TAC (ECF No. 86-1) does not appear futile because it will provide additional allegations which clarify the allegations against Collins. But as already noted, it will require Collins to file yet another motion to dismiss the complaint. So this factor is neutral.

Because two of the four *Gabrielson* factors support Babins's proposed amendment, and a third militates in favor of permitting amendment, I grant his motion for leave to file a TAC. Consequently, Collins's motion to dismiss the SAC is now moot and denied.

## II. Conclusion

IT IS THEREFORE ORDERED that the plaintiff's motion for leave to amend **[ECF No. 86] is GRANTED** and second opposition **[ECF No. 87] is STRICKEN as improper.**

IT IS FURTHER ORDERED that the defendant's motion to dismiss the second amended complaint **[ECF No. 74] is DENIED as moot.**

The Clerk of Court is kindly directed to detach and file the third amended complaint (ECF No. 86-1).

Dated: July 21, 2026

Cristina D. Silva
United States District Judge

[3] Babins is cautioned that once a scheduling and discovery order is entered the standard for any future requests for amendment will be good cause. *See Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (explaining that if a motion to amend is filed after the deadline for amendment has passed, the motion may be granted only if the plaintiff shows good cause for the delay under Rule 16(b)). Babins is also cautioned that while Rule 15 allows amendment liberally, at some point, a case must continue on the litigation track, as opposed to allowing amendment in perpetuity. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (affirming denial of leave to amend where plaintiff had previously amended and proposed amendments were futile).